The Full Commission has reviewed the prior Opinion and Award based on the record of the proceedings before Deputy Commissioner Phillip A. Holmes and the briefs and oral arguments on appeal. The appealing party has not shown good ground to reconsider the evidence, receive further evidence or to amend the prior Opinion and Award except for some minor modifications and the addition of Conclusion of Law (4).
**********
The Full Commission finds as fact and concludes as matters of law the following, which were agreed upon by the parties as:
STIPULATIONS
1. At all times relevant to this claim, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. At all times relevant to this claim, an employment relationship existed between plaintiff-employee and defendant-employer.
3. On 9 June 1993, plaintiff sustained an injury by accident arising out of and in the course of her employment with the defendant-employer.
4. Plaintiff's average weekly wage at all relevant times was $541.98.
********
The Full Commission adopts the findings of fact found by the Deputy Commissioner and finds as follows:
FINDINGS OF FACT
1. Plaintiff experienced an injury by accident on 9 June 1993. On that date, she fell striking the right side of her body and her right cheek on a counter or railing. As a result of this fall, she suffered bruising of her right shoulder and a hematoma in the right leg. In addition, plaintiff sustained a laceration to her right cheek which required approximately two stitches to close. Plaintiff was out of work initially for a period of six days following the above-described injury by accident.
2. Beginning on 21 July 1993, plaintiff began complaining of pain in her left leg. Her treating physician, Dr. Comadoll, initially felt that her complaints of pain in the left leg were the result of a compensation syndrome, whereby plaintiff was overcompensating for the injury to her right leg by placing too much weight on her left leg. As plaintiff's complaints of pain persisted, Dr. Comadoll performed diagnostic testing, including an MRI.
3. Plaintiff had a prior existing bulging disk at L5-S1, and a posterior osteophyte at the L5 level. Although these conditions are degenerative in nature, they often remain asymptomatic absent a traumatic injury.
4. Prior to 9 June 1993, plaintiff had no history of back pain or left leg pain.
5. From 21 July 1993 to the present, plaintiff has consistently complained of pain in her back and left leg as a result of her fall on 9 June 1993.
6. The Full Commission finds that plaintiff's complaints of pain are credible.
7. As a result of her 9 June 1993 injury by accident, plaintiff's pre-existing back condition became symptomatic, thereby causing pain.
8. As a result of her low back pain, plaintiff was unable to earn wages in her former position with defendant-employer or in any other employment from 3 December 1995 to 22 March 1996, at which time she became disabled for an unrelated health problem.
9. Plaintiff is left with a scar on her right cheek as a result of the laceration experienced at the time of her injury by accident of 9 June 1993. The scar is visible and diminishes the plaintiff's ability to earn wages in the future.
*********
Based upon the foregoing findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. To the extent the plaintiff had the pre-existing conditions of a bulging disk and an osteophyte, those conditions were aggravated by plaintiff's 9 June 1993 injury proximately causing her period of disability. The resulting disability is compensable. G.S. § 97-2(6).
2. Plaintiff sustained a compensable injury by accident on 9 June 1993 and as a result of the pain associated with that accident, is entitled to be paid by defendants temporary total disability compensation at the rate of $361.33 per week for the period of 3 December 1995 to 22 March 1996. G.S. § 97-2(6); G.S. § 97-29.
3. The scar to the plaintiff's right cheek constitutes serious facial disfigurement entitling the plaintiff to an award of compensation in the amount of $500.00, to be paid by defendants. G.S. § 97-31(21).
4. As the result of her 9 June 1993 injury by accident, plaintiff is entitled to have defendants pay for all medical expenses incurred. G.S. § 97-25.
********
Based upon the foregoing stipulations, findings of fact and conclusions of law, the undersigned enters the following:
AWARD
1. Defendants shall pay temporary total disability compensation to plaintiff at the rate of $361.33 per week for the period of 3 December 1995 to 22 March 1996, subject to the award of attorney's fees to plaintiff's counsel as hereinafter approved.
2. Defendants shall pay to plaintiff the sum of $500.00 for the plaintiff's serious facial disfigurement.
3. Defendants shall pay all medical expenses incurred by the plaintiff as a result of her 9 June 1993 injury by accident.
4. An attorney's fee in the amount of twenty-five percent of the compensation awarded in paragraphs 1 and 3 are hereby approved for plaintiff's counsel, which fee shall be deducted from the aforesaid award and paid directly to plaintiff's counsel.
5. Defendants shall pay the costs.
 S/ ____________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/ _________________ DIANNE C. SELLERS COMMISSIONER
S/ _________________ GEORGE T. GLENN, III DEPUTY COMMISSIONER